**Daljit SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72287.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 8, 2006.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Carol Federighi, Jocelyn Lopez Wright, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Daljit Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals affirming an immigration judge's order denying his

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. The agency made an adverse credibility finding against Singh, which we review for substantial evidence. *Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000). "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [a petitioner's] claim of persecution, we are bound to accept the ... adverse credibility finding." *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

We conclude that a reasonable factfinder would not be compelled to find Singh credible. *Id.* at 1258. The agency considered Singh's explanations about the date and other irregularities contained in his driver's license, which he presented as a form of identification. However, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Singh–Kaur v. INS,* 183 F.3d 1147, 1150 (9th Cir.1999) (quotation marks and citation omitted). The driver's license ground goes to the heart of Singh's asylum claim and suffices to uphold the adverse credibility determination. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (holding that identity is a "key element[ ] of the asylum application" that must be credibly established by the applicant).

By failing to qualify for asylum, Singh fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Singh is not entitled to CAT relief because he did not show that it is more likely than not that he would be tortured if returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.